Family of Schwager Trust
19437 North New Traditions Drive
Sun City West Arizona 85375-9998
602-844-0092 - phone | 602-844-0091 - fax
joncin777@proton.me

Pro Per Sui Juris

[FILED stamp: SEP 0 3 2025, CLERK U S DISTRICT COURT, DISTRICT OF ARIZONA, BY _____ DEPUTY]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Bank of America, N.A.**, <br> Plaintiff, <br><br> vs. <br><br> **John Schwager,** <br> Defendant (in error) and Counterclaimant. | Case No.: **CV25-03203-PHX-MTM** <br><br> Defendants' Verified Answer & Counterclaim <br><br> Noting Date: September 2, 2025 <br> Work Count: 2139 |

### VERIFIED ANSWER OF DEFENDANT JOHN SCHWAGER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant John Schwager ("Defendant" or "John"), appearing pro per sui juris, submits this Verified Answer and Counterclaim while expressly preserving all defenses under Arizona and federal law, including insufficient service, lack of standing, failure to state a claim, statute of limitations, and constitutional violations.

### INTRODUCTORY STATEMENT

1. Plaintiff's Complaint is fatally deficient. It fails to plead essential facts or contract terms as required by Ariz. R. Civ. P. 8(a), offers no proof of ownership or chain of title, and does not state a valid cause of action. The July 21, 2025 affidavit of service is contradictory and legally insufficient, depriving this Court of jurisdiction. Nevertheless, Plaintiff filed an Application for Default on August 19, 2025, and obtained a Default Referral Order on August 22, 2025. These actions, taken without valid service or lawful pleading, violate Defendant's rights to privacy and due process.

2. This case also invokes federal question jurisdiction under 28 U.S.C. § 1331. The transactions at issue arise from federally regulated consumer credit and are governed by the Truth in Lending Act (15 U.S.C. § 1601 et seq.), the Equal Credit Opportunity Act (15 U.S.C. § 1691 et seq.), and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.). Plaintiff's breaches of these statutory duties—disclosure, fair treatment, and lawful collection—have directly harmed Defendant.

**ANSWER TO COMPLAINT (Paragraph-by-paragraph)**

3. Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows. Each paragraph number below corresponds to the same paragraph number in Plaintiff's Complaint. To the extent any allegation is not expressly admitted, it is denied.

4. Paragraph 1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Defendants ... are residents of MARICOPA County, Arizona, and reside within Jurisdiction," and therefore denies the same. Defendant specifically denies that any unnamed person described as "J. Doe Schwager" has been identified or properly joined; Defendant demands strict proof.

5. Paragraph 2. Defendant denies the legal conclusion that "jurisdiction and venue are proper in this Court" and demands strict proof of the factual and statutory bases therefore.

6. Paragraph 3. Defendant admits that Plaintiff purports to be a national banking association. Defendant otherwise denies that Plaintiff is the owner or real party in interest with respect to any account identified and demands strict proof of ownership, assignment, or chain of title.

7. Paragraph 4. Defendant admits that an account number containing the digits "8180" is referenced in Plaintiff's pleading but denies that Plaintiff has established the existence, terms, or enforceability of any contract as alleged. Defendant lacks sufficient information to admit the allegation that he "promised to make payments" and therefore denies it and demands strict proof.

8. Paragraph 5. Defendant denies that he "used or authorized the use of the Account" or that there exists an "account stated" in the amount claimed. Plaintiff has failed to allege (a) the date(s) or contents of any final, itemized statement showing an account stated; (b) any specific act of assent to a stated balance; or (c) an authenticated accounting establishing the claimed figure of $18,345.22. Defendant demands strict proof of the balance and computation.

9. Paragraph 6. Defendant denies that Plaintiff lawfully declared any Account in default or that Plaintiff is entitled to demand the alleged amount absent proof of contractual terms, notice, and proper acceleration as required by law.

10. Paragraph 7. Defendant denies that "there are no currently unresolved disputes" and denies that the alleged balance is due and owing as pled.

11. Paragraph 8. Defendant denies that the amount alleged "reflects any applicable post charge-off payments, credits, and adjustments" and demands a complete, itemized accounting supported by authenticated business records.

12. Paragraph 9. Defendant denies any allegation that attempts to bind an unnamed spouse identified only as "J. Doe Schwager." The Complaint fails to identify or properly join any spouse and fails to allege facts establishing community liability. The defendant demands strict proof.

13. Paragraph 10. Defendant denies the legal conclusion that "Plaintiff has made all demands and performed all other acts necessary to mature said claim." Defendant lacks knowledge or information to admit any alleged compliance with contractual or statutory preconditions and therefore denies the same.

14. GENERAL DENIAL: Defendant expressly denies each and every other allegation of the Complaint not expressly admitted above and demands strict proof thereof.

## SERVICE-RELATED FACTS
## AND STATEMENT REGARDING TIMELINESS

15. Defendant states: Plaintiff filed its Complaint on April 14, 2025. The filed Declaration of Service (filed July 21, 2025, reflecting service on July 18, 2025) is internally inconsistent and ambiguous in multiple material respects (see attached Exhibit A — Declaration of Service). The affidavit simultaneously asserts "personal" delivery while describing the recipient in terms consistent with substitute abode service and identifies only a single "individual" who "[s]aid yes when named" without independent verification. The affidavit does not affirmatively identify that "J. Doe Schwager" was personally served, nor does it present clear, consistent proof that service on John was properly effected prior to or apart from the July 18, 2025 date.

16. Because of Plaintiff's defective and ambiguous proof of service, Defendant did not have clear, timely notice of this action in a manner sufficient to permit a timely answer before the date Plaintiff now asserts. Defendant therefore preserves and pleads insufficient

process and insufficient service of process as affirmative defenses and as grounds to quash service, set aside any default, and/or obtain additional time to respond.

**AFFIRMATIVE DEFENSES (Preserved and pled in the alternative)**

17. Defendant asserts the following affirmative defenses without waiver and subject to amendment as discovery proceeds:
   a. Failure to State a Claim upon Which Relief Can Be Granted (Rule 8/Twombly-Iqbal standard). Plaintiff's Complaint fails to plead essential facts for breach of contract, account stated, or open account—such as contract formation date, terms, last payment, itemized charges, and factual manifestation of assent to any "account stated."
   b. Lack of Standing/Not Real Party in Interest. Plaintiff has not alleged or produced admissible proof of ownership, assignment, or chain of title to the alleged obligation.
   c. Insufficient Process and Insufficient Service of Process: Plaintiff's proof of service is ambiguous and inconsistent and fails to demonstrate valid service upon "J. Doe Schwager" and is defective with respect to John in material respects.
   d. Misjoinder/Improper Joinder of Fictitious Party: Complaint improperly names or attempts to join a fictitious spouse without identification.
   e. Statute of Limitations: Any claims barred by applicable statutes of limitation.
   f. Payment, Setoff, Accord and Satisfaction: Any payments, credits, or offsets that reduce or extinguish the claimed balance.
   g. Unjust Enrichment / Failure to Mitigate / Unclean Hands: Plaintiff's claims are barred or reduced to the extent Plaintiff has been or would be unjustly enriched or has engaged in unfair or deceptive practices.
   h. Failure to Mitigate Damages.
   i. Lack of Proper Authorization of Counsel or Agent to Maintain Suit.
   j. Any other defenses revealed during discovery.

**COUNT I — DECLARATORY JUDGMENT (A.R.S. § 12-1831; Declaratory Relief)**

18. Defendant incorporates the foregoing paragraphs as though fully set forth herein.
19. An actual justiciable controversy exists between the parties regarding:
   a. Whether Plaintiff is the owner or assignee of any alleged account or debt;
   b. Whether the amount claimed by Plaintiff is accurate and legally enforceable;
   c. Whether Plaintiff has satisfied any conditions precedent necessary to enforce any alleged debt;
   d. Whether Plaintiff's "account stated" claim is binding on Defendant.
20. Defendant requests the Court declare the rights of the parties, including that Plaintiff is not entitled to collect any alleged amount without admissible proof of ownership, assignment, valid contract terms, and a complete accounting.

## COUNT II — ACCOUNTING / UNJUST ENRICHMENT

21. Defendant incorporates the foregoing paragraphs as though fully set forth herein.
22. Plaintiff has failed to provide an accurate, itemized accounting of the alleged account showing charges, payments, credits, interest, fees, adjustments, post-charge-off accounting, and any assignments.
23. To the extent Plaintiff is unable to produce a complete, authenticated accounting, Plaintiff has been unjustly enriched by attempting to collect funds not owed or by attempting to collect inaccurate sums.
24. Defendant seeks a judicial accounting, restitution of any amounts improperly collected or asserted, disgorgement, and declaratory relief that any asserted balance is invalid until Plaintiff proves it by admissible evidence.

## COUNT III — VIOLATION(S) OF FEDERAL TRUTH-IN-LENDING ACT (TILA), 15 U.S.C. § 1601 et seq., AND DAMAGES UNDER 15 U.S.C. § 1640 (AS APPLICABLE)

25. Defendant incorporates the foregoing paragraphs as though fully set forth herein.
26. Plaintiff's Complaint and the preliminary review of Plaintiff's account disclosures show a failure to disclose material terms as required by TILA and Regulation Z (12 C.F.R. Part 1026), including, inter alia, finance charge computation, precise APR disclosures, and itemization necessary to calculate statutory damages—if the extension of credit involved consumer credit subject to TILA.
27. Defendant alleges that Plaintiff's failure(s) to properly disclose statutory information, or attempt to collect amounts not properly disclosed or calculated, give rise to statutory damages and costs as authorized by 15 U.S.C. § 1640, including actual damages, statutory damages where applicable, and attorneys' fees and costs.
28. Defendant will amend this Count with specificity following discovery and after receipt of Plaintiff's account documents, billing statements, and any cardholder agreement (if Plaintiff asserts TILA applies).

## COUNT IV — VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT / REGULATION B (15 U.S.C. § 1691 et seq.; 12 C.F.R. Part 1002) — (PLEADED IN THE ALTERNATIVE)

29. Defendant incorporates the foregoing paragraphs as though fully set forth herein.
30. To the extent applicable, Plaintiff, as a creditor, is subject to Regulation B and ECOA obligations. Plaintiff must treat applicants and consumers fairly and must not discriminate or misrepresent material facts.
31. Defendant alleges misclassification and failure to verify borrower capacity and related statutory rights; Defendant reserves the right to further particularize these allegations after obtaining discovery.

## COUNT V — ARIZONA CONSUMER FRAUD ACT (A.R.S. § 44-1521 et seq.) — (IN THE ALTERNATIVE)

32. Defendant incorporates the foregoing paragraphs as though fully set forth herein.
33. Plaintiff has engaged in unfair or deceptive acts or practices in the attempt to collect an alleged consumer obligation without providing supporting, authenticated records, and by filing suit based on ambiguous or misleading proof of service. These acts are likely to mislead a reasonable consumer and have caused injury to Defendant.
34. Plaintiff's conduct constitutes a violation of the Arizona Consumer Fraud Act. Defendant requests all remedies available under A.R.S. § 44-1521 et seq., including actual damages, injunctive relief, attorneys' fees and costs, and any statutory remedies.

## COUNT VI — CIVIL CONSPIRACY / BAD FAITH (IF FACTS SUPPORT)

35. Defendant incorporates the foregoing paragraphs as though fully set forth herein.
36. If Plaintiff and its agents or assignors intentionally or recklessly pursued collection and litigation without proper documentation, and/or engaged in improper service or misrepresentations, Defendant will seek appropriate remedies for bad faith practices and conspiracy to collect on invalid claims.

## PRAYER FOR RELIEF (COUNTERCLAIMS)

WHEREFORE, Defendant respectfully prays for relief as follows:

37. That Plaintiff's Complaint be dismissed with prejudice to the extent supported by the record;
38. A declaratory judgment that Plaintiff is not the owner or assignee of any enforceable debt absent admissible proof, and that Plaintiff has no right to collect the asserted amount absent such proof;
39. An order compelling Plaintiff to produce a full, itemized, authenticated accounting of any alleged account and to produce any assignment/chain-of-title documents (including all endorsements and transfers);
40. Restitution, disgorgement, and unjust enrichment remedies for any improper collection or amounts improperly claimed or collected;
41. Statutory damages, actual damages, treble or punitive damages where authorized by statute and supported by the evidence (including relief pursuant to TILA and ECOA where applicable), together with prejudgment and post-judgment interest to the extent permitted by law;
42. Injunctive relief enjoining further collection activities until Plaintiff produces admissible proof of ownership and a correct accounting and/or until the Court otherwise orders;
43. Attorneys' fees and costs to the extent authorized by statute or contract, and as the Court deems just and proper; and
44. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

45. Defendant demands trial by jury on all issues so triable.

## VERIFICATION

46. I, John David Schwager, declare under penalty of perjury under the laws of the State of Arizona that the facts set forth in this Verified Answer and Counterclaim are true and correct to the best of my knowledge, information, and belief.

RESPECTFULLY SUBMITTED this 2nd day of September, 2025.

by: John David Schwager

*/s/ John David Schwager*