Family of Schwager Trust                                    Pro Per Sui Juris
19437 North New Traditions Drive
Sun City West Arizona 85375-9998
602-844-0092 - phone | 602-844-0091 - fax
joncin777@proton.me

```
                ✓ FILED      ___ LODGED
                ___ RECEIVED ___ COPY

                    SEP 0 3 2025

                CLERK U S DISTRICT COURT
                  DISTRICT OF ARIZONA
                BY_____ DEPUTY
```

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Bank of America, N.A.,** | Case No.: **CV25-03203-PHX-MTM** |
| Plaintiff, | |
| vs. | Defendants Motion to Strike Plaintiffs Application fo Default |
| **John Schwager,** | **Noting Date:** September 2, 2025 |
| Defendant (in error) and Counterclaimant. | Word Count: 839 |

## DEFENDANT'S MOTION TO STRIKE
## PLAINTIFF'S APPLICATION FOR DEFAULT, QUASH SERVICE,
## AND VACATE COURT'S DEFAULT REFERRAL ORDER

Defendant **John Schwager** ("Defendant" or "John"), appearing *pro per sui juris*, respectfully moves this Court pursuant to **Rules 12(b)(4), 12(b)(5), 12(f), 55(c), and 60(b)(4)** of the Federal Rules of Civil Procedure to strike Plaintiff's Application and Affidavit for Default filed on **August 19, 2025**, quash Plaintiff's purported service filed on **July 21, 2025**, and vacate the Superior Court's **Default Referral Order entered August 22, 2025**.

### I. INTRODUCTION

Plaintiff initiated this matter on April 14, 2025 in Maricopa County Superior Court. Service was attempted on July 18, 2025, and an affidavit of service was filed on July 21, 2025. That affidavit is internally inconsistent: it claims "personal service" while simultaneously describing substitute service on an unidentified individual whose identity was confirmed only by verbal assent. It fails to show any service on the fictitious "J. Doe Schwager."

Notwithstanding those defects, Plaintiff filed an **Application for Default** on August 19, 2025, falsely asserting that Defendant had "failed to appear or defend." On August 22, 2025, the state court issued a **Default Referral Order**, acknowledging Plaintiff's filing and assigning the matter for default proceedings before a commissioner. At no point has valid service been effected, nor has Plaintiff met its burden under the Rules to establish jurisdiction.

These filings are constitutionally defective, violate Defendant's rights to notice and due process, and are void as a matter of law.

### II. LEGAL STANDARD

- **Rule 12(b)(4)–(5):** Insufficient process or service deprives the court of jurisdiction.

- **Rule 12(f):** The court may strike any filing that is redundant, immaterial, or improper.
- **Rule 55(c):** An entry of default may be set aside for good cause, including defective service.
- **Rule 60(b)(4):** A judgment or order entered without jurisdiction is void and must be vacated.

Courts uniformly hold that without valid service of process, a default is void because the court never acquired personal jurisdiction over the defendant. *See* **Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992)**; **Baldwin v. Baldwin, 249 Ariz. 424 (2020)**.

## III. ARGUMENT

1. **Service Was Defective and Jurisdiction Never Attached.**
   The July 21 affidavit is fatally inconsistent. It purports to be personal service but describes substitute-service elements ("a person of suitable age and discretion" who merely said "yes" when named). No signature or independent ID verification was obtained. No spouse or "J. Doe Schwager" was served. Because Plaintiff failed to comply with Rule 4 service requirements, this Court lacks jurisdiction.

2. **Default Application Was Improper and Must Be Stricken.**
   Plaintiff filed its default application on August 19, 2025 without lawful service or expiration of a valid answer deadline. This constitutes a false representation to the Court that Defendant "failed to appear." An Application based on defective service is impertinent and improper under Rule 12(f).

3. **The Default Referral Order Is Void and Must Be Vacated.**
   On August 22, 2025, the Superior Court issued a referral order assigning the matter for default proceedings. Because service was defective, that order is void under Rule 60(b)(4). A void order may be attacked at any time and must be vacated once jurisdictional defects are shown.

4. **Due Process Was Violated.**
   By attempting to secure judgment without valid service or notice, Plaintiff deprived Defendant of fundamental procedural rights guaranteed by the **Fifth and Fourteenth Amendments**. A judgment entered under such circumstances is unconstitutional.

## IV. RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that this Court:

1. **Strike** Plaintiff's Application and Affidavit for Default filed August 19, 2025;
2. **Quash** Plaintiff's defective service filed July 21, 2025;
3. **Vacate** the Superior Court's Default Referral Order entered August 22, 2025;
4. Confirm Defendant's contemporaneously filed **Verified Answer and Counterclaim** as the first proper responsive pleading; and
5. Grant such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of September, 2025.

by: John David Schwager

*John David Schwager*

**John David Schwager**
Defendant, *pro per sui juris*
19437 North New Traditions Drive
Sun City West, AZ 85375
Tel: 602-844-0092 | Email: joncin777@proton.me

CERTIFICATE OF SERVICE

I hereby certify that on this _2_ day of _September_ 2025, I caused a true and correct copy of the foregoing **Notice of Removal** to be served by [U.S. Mail / Certified Mail / Other Method] upon:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
Sandra Day O'Connor United States Courthouse
Attention: Clerk
401 West Washington Street, Suite 130
Phoenix, AZ 85003
P: (602) 322-7200

The Moore Law Group
P.O. Box 25145
Santa Ana, CA 92799-5145

RESPECTFULLY SUBMITTED this 2nd day of September, 2025.

by: John David Schwager

*/s/ John David Schwager*