Family of Schwager Trust                                    Pro Per Sui Juris
19437 North New Traditions Drive
Sun City West Arizona 85375-9998
602-844-0092 - phone  |  602-844-0091 - fax
joncin777@proton.me

_____

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 0 3 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Bank of America, N.A.,**<br>Plaintiff,<br><br>vs.<br><br>**John Schwager,**<br>Defendant (in error) and<br>Counterclaimant. | Case No.: **CV25-03203-PHX-MTM**<br><br>Counterclaimants' Verified Statement of Facts<br><br>**Noting Date:** September 2, 2025<br>**Work Count:** 1397 |

## VERIFIED STATEMENT OF FACTS

Regarding the matter including Bank of America, N.A., (herein "BANA"), and the accommodation of a consumer credit transaction under the Truth-in-lending Act for non-commercial and personal household use.

I, John Schwager, hereafter "Claimant", make this statement based on firsthand knowledge and competent evidence, and do so under penalty of perjury, under the laws of God, and of this land:

1. On or about August 8th, 2023, Claimant initiated a lawful and intentional effort to perform a consumer credit transaction, for personal household use — not for hire or under any employee/employer contract.

2. The claimant was instructed to provide personal identifying information (PII), including income, housing costs, and contact information, which was submitted in good faith to BANA.

3. BANA has been established since September 30, 1998 and is located at Bank of America Corporate Center 100 North Tryon Street Charlotte, North Carolina 28255. BANA DUNS # is 78-722-8592 and EIN# is 56-0906609.

4. The submission included all information necessary to constitute a completed application under 12 C.F.R. § 202.2(f):
"A completed application means an application in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested."

5. BANA approved/granted the Claimants request and complete application for extension of credit in the amount of $19,000.00

6. Claimant is entitled to be treated as a creditworthy applicant under Regulation B, pursuant to 12 C.F.R. §§ 202.1–202.16.

7. Pursuant to 12 C.F.R. § 202.2(l), a creditor is one who regularly participates in credit decisions. BANA and its assignees qualify under this definition - jointly liable for violations of the Equal Credit Opportunity Act and the Consumer Credit Protection Act.

8. Under 12 C.F.R. § 202.2(e), an applicant includes any person who may become contractually liable, including endorsers, sureties, or co-signers.

9. BANA, as creditor, was obligated under 12 C.F.R. § 202.6(a) to treat the Claimant fairly without discrimination and to exercise good faith under 12 C.F.R. § 202.2(r):

    "Good faith means honesty in fact in the conduct or transaction."

10. Claimant intended to execute a Consumer Credit Contract for personal, household use pursuant to 15 U.S.C. § 1638(a) and 12 C.F.R. §§ 226.2 (consumer credit and contract definitions), and 226.4 (finance charge definitions)/

11. According to 15 USC § 1637 (c)(4)(E), "charge card defined: For the purposes of this subsection, the term "charge card" means a card, plate, or other single credit device that may be used from time to time to obtain credit which is not subject to a finance charge."

12. Under to 15 USC § 1637 (h)(i)(3) Notice of right to cancel, Each notice required by paragraph (1) or (2) shall be made in a clear and conspicuous manner, and shall contain a brief statement of the right of the obligor to cancel the account pursuant to rules established by the Bureau before the effective date of the subject rate increase or other change.

13. Based on 15 USC § 1637 (h)(i)(4) Rule of construction, Closure or cancellation of an account by the obligor shall not constitute a default under an existing cardholder agreement, and shall not trigger an obligation to immediately repay the obligation in full or through a method that is less beneficial to the obligor than one of the methods described in section 1666i–1(c)(2) of this title, or the imposition of any other penalty or fee.

14. According to 15 USC § 1637 (h)(i) (5) Regulations: The Bureau shall prescribe regulations— "(A) governing disclosures under this subsection; and (B) that prevent unfair or deceptive acts or practices in connection with the manipulation of credit limits designed to increase over-the-limit fees or other penalty fees."

15. 15 U.S. Code § 1666d - Treatment of credit balances: Whenever a credit balance in excess of $1 is created in connection with a consumer credit transaction through (1) transmittal of funds to a creditor in excess of the total balance due on an account, (2) rebates of unearned finance charges or insurance premiums, or (3) amounts otherwise owed to or held for the benefit of an obligor, the creditor shall—
    (A) credit the amount of the credit balance to the consumer's account;
    (B) refund any part of the amount of the remaining credit balance, upon request of the consumer; and
    (C) make a good faith effort to refund to the consumer by cash, check, or money order any part of the amount of the credit balance remaining in the account for more than six months, except that no further action is required in any case in which the consumer's current location is not known by the creditor and cannot be traced through the consumer's last known address or telephone number.

16. BANA asserted the Consumer Agreement as an ordinary commercial business transaction which constitutes a credit sale under 12 C.F.R. § 226.2(a)(16) where:

- BANA is the seller and also the creditor;
- The consumer becomes the owner upon full compliance;
- And deferral of payment triggers disclosure obligations under TILA.

17. Under 26 U.S.C. § 3406(b)(3) and IRS Publication 1281, no backup withholding is required when a valid W-9 is furnished, and there is no notice from the IRS that the TIN is incorrect.

18. According to ARS Rev. Stat. § 4-401. SIGNATURE.

(a) A person is not liable on an instrument unless (i) the person signed the instrument, or (ii) the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under Section 3-402.

(b) A signature may be made (i) manually or by means of a device or machine, and (ii) by the use of any name, including a trade or assumed name, or by a word, mark, or symbol executed or adopted by a person with present intention to authenticate a writing.

19. Sourced in 49 FR 7789, Mar. 1, 1984, unless otherwise noted. § 444.2 Unfair credit practices, states: "(a) In connection with the extension of credit to consumers in or affecting commerce, as commerce is defined in the Federal Trade Commission Act, it is an unfair act or practice within the meaning of Section 5 of that Act for a lender or retail installment seller directly or indirectly to take or receive from a consumer an obligation that:

(1) Constitutes or contains a cognovit or confession of judgment (for purposes other than executory process in the State of Louisiana), warrant of attorney, or other waiver of the right to notice and the opportunity to be heard in the event of suit or process thereon.

(2) Constitutes or contains an executory waiver or a limitation of exemption from attachment, execution, or other process on real or personal property held, owned by, or due to the consumer, unless the waiver applies solely to property subject to a security interest executed in connection with the obligation.

(3) Constitutes or contains an assignment of wages or other earnings unless: (i) The assignment by its terms is revocable at the will of the debtor, or (ii) The assignment is a payroll deduction plan or preauthorized payment plan, commencing at the time of the transaction, in which the consumer authorizes a series of wage deductions as a method of making each payment, or (iii) The assignment applies only to wages or other earnings already earned at the time of the assignment.

(4) Constitutes or contains a nonpossessory security interest in household goods other than a purchase money security interest.

20. BANA's misrepresentation and debt collection of payments constitutes fraudulent conversion and unlawful enrichment, and violates:
- Federal Truth-in-Lending Act
- Arizona Consumer Protection Act

Claimant declares the above facts true and correct and reserves all rights, remedies, and causes of action in law and equity.

In good faith with clean hands,

John David Schwager, master beneficiary

*John David Schwager, master beneficiary* (signature)