Darren Tallman, AZ Bar # 033603
The Moore Law Group,
A Professional Corporation
Mailing address:
P.O. Box 25145
Santa Ana, CA 92799-5145
Telephone: (800) 506-2652
AZAttorneys@collectmoore.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of America, N.A., | Case No. CV25-03203-PHX-MTM |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT** |
| John Schwager and J. Doe Schwager, as spouse, | |
| Defendant(s). | |

Plaintiff Bank of America, N.A., pursuant to 28 U.S.C. §1447(c), hereby moves this

Court to remand the above-captioned action to the Superior Court of Maricopa County, State

of Arizona. This Motion is based on the following grounds:

### Background

1. On April 14, 2025, Plaintiff filed its Complaint in Maricopa County Superior Court.

The Court assigned Case # CV2025-013279.

2. Plaintiff served its Summons and Complaint upon the Defendant on July 18, 2025.

To date, Defendant has failed to file an answer or responsive pleading.

3. On September 3, 2025, Defendant filed a Notice of Removal pursuant to 28 U.S.C.

§1441and §1446, based upon alleged federal jurisdiction under 28 U.S.C. §1331. To date, Defendant has <u>not</u> filed a copy of the Notice of Removal with the Maricopa County Superior Court.

4.  On October 10, 2025, the Superior Court of Maricopa County entered a Default Judgment in favor of Plaintiff.

## Memorandum of Points and Authorities

### A. Lack of Notice

5.  Defendant's purported removal to this Court is deficient, as he has failed to comply with the procedure set forth in 28 U.S.C. §1446. This statute provides, in relevant part, as follows:

> **(d) Notice to Adverse Parties and State Court.** Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

6.  Defendant has failed to file a copy of the Notice with the Clerk of the Maricopa County Superior Court. Consequently, Defendant has not effectuated a removal to federal court; and this matter must be remanded to the state court.

### B. Untimeliness

7.  In addition to the requirement of notice to adverse parties and the state court, 28 U.S.C. §1446(b) also requires that a notice of removal must be filed within 30 days after receipt by or service on the defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Defendant was served with Plaintiff's Complaint on July 18, 2025. However, he did not file the Notice of Removal until September

3, 2025 – well past the 30-day deadline set forth in 28 U.S.C. §1446(b). Defendant has failed to file notice timely; and this case must be remanded for untimeliness.

### C. Lack of Federal Question

8.  Furthermore, this Court lacks subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiff's Complaint asserts only state law causes of action (contract-based collection claims). Federal jurisdiction exists only where a federal question appears on the face of the well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). Defendant's assertion of federal defenses or counterclaims does not create federal question jurisdiction. The well-pleaded complaint rule makes clear that a case may not be removed based on a federal defense. *Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262, 173 L.Ed.2d 206 (2009). Because no federal claim exists, and federal jurisdiction cannot be created through Defendant's counterclaim or anticipated defenses, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

### D. Presumption Against Removal & Burden of Proof

9.  Removal statutes are strictly construed against removal, and the removing party bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992). Defendant has failed to meet that burden here. Accordingly, remand is required.

### E. Default Judgment has been entered by the Superior Court

10. On October 10, 2025, the Superior Court of Maricopa County entered a Default Judgment in favor of Plaintiff. As such, the pending state court action has already been adjudicated.

## Conclusion

As set forth above, Defendant's Notice of Removal is procedurally and substantively

deficient; and this matter must be remanded to the state court. For the forgoing reasons,

Plaintiff respectfully requests that this Court remand this action to Superior Court of Maricopa

County, State of Arizona pursuant to 28 U.S.C. § 1447(c).


Dated: _____10-16-25_____

The Moore Law Group,
A Professional Corporation

_____
☐ Darren Tallman, AZ Bar # 033603
*Attorneys for Plaintiff*


A **COPY** has been or will be mailed/emailed
on ____10-16-25____ to:


John Schwager
13027 W Star Ridge Dr
Sun City West AZ 85375-3831
joncin777@proton.me
*Defendant*