Family of Schwager Trust
19437 North New Traditions Drive
Sun City West Arizona 85375-9998
602-844-0092 - phone | 602-844-0091 - fax
joncin777@proton.me

Pro Per Sui Juris

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Bank of America, N.A.,**<br>Plaintiff,<br><br>vs.<br><br>**John Schwager,**<br>Defendant (in error) and<br>Counterclaimant. | No. CV-25-03203-PHX-SMB<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (DOC. 16)<br><br>**Noting Date: October 31, 2025**<br>Word Count: 2013 |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION TO REMAND

### Introduction

Plaintiff moves to remand on five grounds: alleged lack of state-court notice of removal, untimely removal, absence of federal question, a presumption against remand, and the existence of a state "default judgment" dated October 10, 2025. Each ground fails under controlling Acts of Congress, the U.S. Constitution, the Federal Rules of Civil Procedure, and governing precedent. The record shows: (1) Defendant filed in state court a "Notice of Filing Notice of Removal," which the Maricopa County Superior Court file-stamped on September 3, 2025, at 12:27 p.m., satisfying 28 U.S.C. § 1446(d); (2) any state action after that file-stamp is void; (3)

removal was timely or, alternatively, any timing dispute is a curable, non-jurisdictional procedural defect; and (4) federal statutory issues are central, and at a minimum this Court has supplemental jurisdiction over the intertwined state-law claims.

The Motion should be denied. Alternatively, if the Court identifies any curable procedural defect, it should allow supplementation and deny remand.

### Jurisdictional and Procedural Timeline (Record Citations)

1. 4/14/2025: Plaintiff filed its Complaint in Maricopa County Superior Court (CV2025-013279).
2. 7/18/2025: Plaintiff asserts service on Defendant (contested; see service audit and affidavits).
3. 9/3/2025: Defendant filed "Notice of Filing Notice of Removal" in Maricopa County Superior Court; file-stamped 12:27 PM. See Ex. B (09032025 Notice of removal Superior court.pdf).
4. 9/3/2025: Removal filed in the U.S. District Court (see Notice of Removal, Ex. A).
5. 10/10/2025: Plaintiff claims state "Default Judgment" entered (Doc. 16 at ¶¶ 4, 10).
6. 10/17/2025: Court ordered Defendant's remand opposition due by Oct. 31, 2025, 5:00 p.m. (Doc. 18).
7. 10/17/2025: Court vacated the 10/27/2025 CMC pending ruling on remand (Doc. 19).

## Legal Standards (Acts of Congress First)

8. 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
9. 28 U.S.C. § 1441(a): A civil action may be removed to federal court if it could have been filed there originally.
10. 28 U.S.C. § 1446(b): Sets the timing for removal; the 30-day clock runs from receipt by or service on the defendant of the initial pleading, or receipt of an "other paper" from which removability is first ascertainable.
11. 28 U.S.C. § 1446(d): "Promptly after the filing of such notice of removal… the defendant… shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." (emphasis added)
12. 28 U.S.C. § 1367(a): Supplemental jurisdiction over all other claims that form part of the same case or controversy.

Constitutional anchors:

13. Supremacy Clause, U.S. Const. art. VI, cl. 2: Federal removal statutes preempt contrary state procedure; post-removal state acts are without effect.
14. Due Process, U.S. Const. amend. XIV: No deprivation of property without notice reasonably calculated to apprise and an opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314–15 (1950).

Federal Rules of Civil Procedure:

15. FRCP 81(c)(2): A defendant who did not answer before removal must respond by the longest of: (A) 21 days after receipt of the initial pleading; (B) 21 days after service of the summons; or (C) 7 days after filing the Notice of Removal.

16. FRCP 12(b), 12(h): Threshold defenses, including insufficiency of process/service and failure to state a claim, are preserved and may be asserted under the Rule 81(c)(2) timetable.

17. FRCP 55(a): Default requires a failure to plead or otherwise defend after a valid trigger; defaults are disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

Interpretive canons and maxims:

18. Specific-controls-the-general: A specific federal statute (§ 1446(d)) governs over general state practice post-removal. RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645–46 (2012).

19. Constitutional avoidance: Courts construe procedures to avoid due-process violations. Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568, 575 (1988).

20. Audi alteram partem (hear the other side): Merits favored over defaults. Eitel, 782 F.2d at 1472.

21. Lex non cogit ad vana (the law does nothing in vain): § 1446(d) must have teeth; post-removal state action cannot stand.

## Argument

22. Plaintiff's "Lack of Notice" argument fails: § 1446(d) was satisfied and post-removal state action is void

    a. Plaintiff asserts Defendant "has not filed a copy of the Notice with the Clerk of the Maricopa County Superior Court." Doc. 16 ¶¶ 3, 6. The record proves otherwise. The Superior Court file-stamped Defendant's "Notice of Filing Notice of Removal" on September 3, 2025, at 12:27 p.m. See Ex. B (state file-stamped notice). This is precisely what § 1446(d) requires.

    b. Statutory effect: "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added).

    c. Consequently, Plaintiff's Section A fails. To the extent there was any arguable defect earlier, it is procedural and cured; such defects do not strip federal subject-matter jurisdiction. See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health, 213 F.3d 1108, 1117 (9th Cir. 2000) (procedural removal defects are distinct from subject-matter jurisdiction and can be cured); Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1142 (9th Cir. 2013) (allowing curative amendments).

23. The asserted "Default Judgment" dated 10/10/2025 is void under § 1446(d)

    a. Because the state file-stamp reflects § 1446(d) notice on 9/3/2025 at 12:27 p.m., the state court lacked authority to act thereafter "unless and until" remand. 28 U.S.C. § 1446(d). Any purported "Default Judgment" on 10/10/2025 is a nullity.

See Murray v. Ford Motor Co., 770 F.2d 461, 464 (5th Cir. 1985) (post-removal state orders void); Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013) (same principle); cf. United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999) (judgments without personal jurisdiction are void).

    b. If Plaintiff claims a pre-removal entry, federal courts treat any prior state default "as if entered in federal court," and set aside is appropriate upon good cause and a meritorious defense. Butner v. Neustadter, 324 F.2d 783, 785–86 (9th Cir. 1963). Here, service defects and Rule 12 defenses provide both good cause and merits.

24. Removal was timely under § 1446(b), or any timing dispute is procedural and curable

    a. Plaintiff asserts service on 7/18/2025 and calculates 30 days to argue 9/3/2025 is too late. Doc. 16 ¶ 7. Defendant disputes service adequacy and timing; Plaintiff bears the burden to prove proper service. See SEC v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007) (strict compliance with service rules; defective service deprives court of personal jurisdiction). Any ambiguity in affidavits or method is construed against valid service.

    b. Alternatively, removability became ascertainable based on later developments; § 1446(b) runs from the first paper from which removability can be ascertained. In any event, timing disputes under § 1446(b) are procedural, not jurisdictional, and can be cured or excused where federal jurisdiction exists. ARCO, 213 F.3d at 1117; Kuxhausen, 707 F.3d at 1142.

25. Federal-question jurisdiction exists; at a minimum the Court has supplemental jurisdiction

    a. 28 U.S.C. § 1331 confers original jurisdiction where federal statutes are central to the controversy. Defendant's operative claims and defenses place TILA, ECOA, and FDCPA squarely at issue—standards that govern disclosures, account handling, and enforcement practices tied to Plaintiff's own allegations. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over state claims arising from the same nucleus of operative fact.

    b. Plaintiff's reliance on the well-pleaded complaint rule (Caterpillar; Vaden) does not require remand where federal statutes are necessarily raised and actually disputed in the controversy as postured here, and where the Court's docket and orders have already framed federal procedure and deadlines.

    c. Fictitious parties do not impact jurisdiction. The Ninth Circuit recognizes Doe pleading "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1191 (9th Cir. 1970). A fortiori, fictitious parties are irrelevant to § 1331 analysis.

26. Plaintiff's "presumption against removal" does not overcome actual federal jurisdiction and curable defects

    a. Defendant bears the burden and meets it: subject-matter jurisdiction exists under § 1331 (and § 1367), § 1441 authorized removal, and § 1446(d) notice is proven by the state file-stamp. Any procedural irregularity is cured and non-jurisdictional. See ARCO, 213 F.3d at 1117; Kuxhausen, 707 F.3d at 1142.

27. FRCP 81(c)(2) and due process defeat Plaintiff's "failure to answer" refrain

    a. Even assuming arguendo valid service, FRCP 81(c)(2) resets the deadline post-removal to the longest of the specified periods, including 7 days after the removal filing. Plaintiff's assertion that Defendant "failed to file an answer" on a state timetable misstates the controlling rule.

    b. FRCP 55(a) requires a valid trigger; defaults are disfavored, and merits are preferred. Eitel, 782 F.2d at 1472. Due process prohibits deprivation absent valid service and notice. Mullane, 339 U.S. at 314–15. Judgments without personal jurisdiction are void. Berke, 170 F.3d at 883.

### Equity, Canons, and Court Administration

28. Specific statute controls: § 1446(d)'s post-removal stay on state action governs over state practice. RadLAX, 566 U.S. at 645–46.

29. Constitutional avoidance: Accepting a default allegedly taken after removal/notice would raise serious due-process concerns; construction should avoid that outcome. DeBartolo, 485 U.S. at 575.

30. Maxims: Audi alteram partem; Lex non cogit ad vana—§ 1446(d) is not a dead letter.

### Application to the Record

31. Ex. B proves § 1446(d) state notice and timing: Maricopa County file-stamp on 9/3/2025 at 12:27 PM. Accordingly, any state action on 10/10/2025 is void.

32. Plaintiff's "lack of notice" ground collapses; timeliness is contested and at most procedural; federal statutes are central and, at minimum, § 1367 applies.

33. The Court's Orders (Doc. 18, 19) reflect active federal management. Defendant is complying and will meet the Oct. 31 deadline.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiff's Motion to Remand. Alternatively, should the Court find any curable procedural defect, it should permit supplementation and deny remand; and it should declare that any state action taken after September 3, 2025, 12:27 PM—including the alleged October 10, 2025 "default judgment"—is void under 28 U.S.C. § 1446(d).

RESPECTFULLY SUBMITTED this 31st day of October, 2025.

by: John David Schwager

*[signature: John David Schwager]*

## CERTIFICATE OF SERVICE

I certify that on October 31, 2025, I filed the foregoing Defendant's Opposition to Plaintiff's Motion to Remand (Doc. 16) using the Court's CM/ECF system, which will send notice to all counsel of record, including:

The Moore Law Group

P.O. Box 25145

Santa Ana, CA 92799-5145

**Exhibit List**

- Ex. A: Federal Notice of Removal and Civil Cover Sheet.
- Ex. B: State file-stamped "Notice of Filing Notice of Removal" (Maricopa County Superior Court, Sep 3, 2025, 12:27 PM).
- Ex. C: State affidavits of service; Application for Default (8/19/2025); default referral order (8/22/2025).
- Ex. D: Any state "Default Judgment" document dated 10/10/2025.
- Ex. E: Court Orders: Doc. 18 (Opposition due 10/31/2025, 5:00 p.m.) and Doc. 19 (CMC vacated pending remand).