Family of Schwager Trust                                    Pro Per Sui Juris
19437 North New Traditions Drive
Sun City West Arizona 85375-9998
602-844-0092 - phone  | 602-844-0091 - fax
joncin777@proton.me

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bank of America, N.A.,<br>　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>John Schwager,<br>　　　　Defendant/Counterclaimant. | Case No. CV-25-03203-PHX-SMB<br><br>DEFENDANT'S MOTION TO ALTER OR AMEND PURSUANT TO FED. R. CIV. P. 59(e) AND D. ARIZ. L.R. CIV. 7.2(g)<br><br>Noting Date: May 20th , 2026 |

DEFENDANT'S MOTION TO ALTER OR AMEND PURSUANT TO FED.R.
CIV. P. 59(e) AND D. ARIZ. L.R. CIV. 7.2(g)

Defendant John Schwager, appearing specially and not generally, Pro Per, Sui Juris,

respectfully moves this Court under Federal Rule of Civil Procedure 59(e) and D. Ariz.

L.R. Civ. 7.2(g) to alter or amend the Court's Order of May 8, 2026 (Doc. 23) ("Remand

Order"), to articulate the specific ground or grounds on which the Motion to Remand

(Doc. 16) was granted.

This is an articulation-only motion. Defendant does not here relitigate the four

substantive grounds Plaintiff asserted in support of remand. Defendant respectfully

reserves all such substantive challenges for any further appropriate vehicle that the

operative ground may permit, including but not limited to: a further motion under Rule

59(e) within the 28-day statutory envelope; a writ of mandamus under *Thermtron*

*Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976); a notice of appeal under FRAP 4(a)(1) where § 1447(d) permits; or relief from a void order under FRCP 60(b)(4).

## RELIEF REQUESTED

Defendant respectfully requests that the Court:

A.  Primary relief. Alter or amend the Remand Order (Doc. 23) to include written findings of fact and conclusions of law identifying the specific ground or grounds — among (i) untimeliness of removal under 28 U.S.C. § 1446(b); (ii) failure to file the Notice of Removal with the state clerk under 28 U.S.C. § 1446(d); (iii) lack of federal-question subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1441; and (iv) burden of proof — on which the Motion to Remand (Doc. 16) was granted; and

B.  Alternative relief. Stay the operation of the Remand Order pending issuance of the reasoned order, so that federal jurisdiction is not lost during the period of articulation.

## GROUNDS

### I. Background

1.   This action was filed in the Superior Court of the State of Arizona, Maricopa County, on April 14, 2025, as CV2025-013279.

2.   Defendant John Schwager filed a Notice of Removal in this Court on September 3, 2025 (Doc. 1), under 28 U.S.C. §§ 1331, 1441, and 1446. The matter was assigned to this Court (Doc. 10).

3.  On October 16, 2025, Plaintiff filed its Motion to Remand (Doc. 16), advancing four grounds: (i) untimeliness of removal under § 1446(b); (ii) failure to file the Notice of Removal with the state-court clerk under § 1446(d); (iii) lack of federal-question subject-matter jurisdiction on the face of the well-pleaded complaint; and (iv) the presumption against removal and Plaintiff's burden under *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

4.  Defendant filed an Opposition to the Motion to Remand on October 31, 2025 (Doc. 22), in compliance with the Court's Order of October 17, 2025 (Doc. 18).

5.  On May 8, 2026, the Court entered the Remand Order (Doc. 23). The Order is a single-page document containing — apart from caption, signature line, and "ORDER" title — only four operative substantive lines:

    "This matter having come before the Court on Plaintiff's Motion to Remand Case to State Court (Doc. 16),

    IT IS HEREBY ORDERED the Motion is GRANTED.

    IT IS FURTHER ORDERED remanding this case to the Maricopa County Superior Court, State of Arizona.

    Dated this 8th day of May, 2026."

6.  The Remand Order makes no findings of fact, articulates no conclusions of law, cites no authority, and identifies no ground from among the four advanced by Plaintiff. The certified Notice to the State Court (Doc. 23-1) likewise contains no rationale.

## II. The Court should articulate the operative ground because § 1447(d) review depends on it

7.  Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" — but this bar does not extend to remands that rest on grounds outside § 1447(c) (defects in removal procedure or lack of subject-matter jurisdiction). *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351–53 (1976), abrogated in part on other grounds by *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996).

8.  The Supreme Court has repeatedly emphasized that § 1447(d) reviewability turns on the actual ground the district court invoked. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234–35 (2007) ("a district court that orders remand 'erroneously and in defiance of an unambiguous statute' . . . may be subject to review"). *Quackenbush*, 517 U.S. at 711–12 (analyzing whether the remand fell within § 1447(c) categories).

9.  Without an articulated ground, neither the parties nor any reviewing court can determine whether the Remand Order falls inside or outside the § 1447(d) bar. Plaintiff advanced four discrete grounds, each subject to different review consequences:

a. Grounds (i)–(ii) — defects in removal procedure (untimeliness, no state-clerk filing) — fall within § 1447(c) and are generally unreviewable under § 1447(d) absent a showing of *Thermtron* exceptional circumstance.

b. Ground (iii) — lack of federal subject-matter jurisdiction — also falls within § 1447(c).

c. But "remand orders that rest on grounds other than those enumerated in § 1447(c) are not insulated from review." *Powerex*, 551 U.S. at 230. If the Remand Order rested on a non-(c) ground (such as discretionary abstention or an extra-statutory criterion), it is reviewable.

10. The Supreme Court has further made plain that a remand order that mischaracterizes its own ground does not control: review proceeds on the *actual* basis. *Quackenbush*, 517 U.S. at 711–12. Where, as here, no ground is articulated at all, the parties cannot test the order against this body of doctrine.

### III. Articulation is the proper Rule 59(e) remedy

11. Rule 59(e) permits a motion "to alter or amend a judgment" within 28 days of entry. The Ninth Circuit recognizes Rule 59(e) as the proper vehicle to address the "manifest" failure of an order to make the findings necessary for meaningful review. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (district court has discretion to alter or amend on Rule 59(e) where reconsideration prevents "manifest injustice").

12. The procedural requirement that orders contain reasoned findings is not a mere formality. It is grounded in due-process principles tracing to *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (notice "must be such as is reasonably calculated, under all the circumstances, to apprise" the affected parties of

the action and afford an opportunity to be heard). A party subject to a dispositive order has a due-process entitlement to be told why.

13. Articulation is also a structural requirement of § 1447 itself. Section 1447(c) presupposes that the district court can identify a specific procedural or subject-matter ground for remand. Section 1447(d) presupposes that reviewing courts can determine whether the operative ground falls within (c). Without articulation, the statute's review framework collapses on itself.

## IV. The relief requested is narrow

14. Defendant does not here argue that the four substantive grounds in Plaintiff's Motion to Remand fail. Defendant has already opposed the Motion (Doc. 22). The instant motion is a request that the Court complete the order — by stating which ground or grounds it accepted — so that the parties may meaningfully assess what follows.

15. Defendant respectfully reserves the right, upon issuance of a reasoned order, to seek further relief by whatever vehicle the articulated ground may permit. Nothing in this motion concedes any of the four grounds; nothing in this motion waives any further substantive challenge.

## V. Timeliness

16. The Remand Order was entered May 8, 2026, and electronically served on Defendant the same date. Under D. Ariz. L.R. Civ. 7.2(g)(2), a motion for reconsideration must be filed "no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Under FRCP 59(e), the outer envelope is 28 days. This motion is filed on May 22, 2026, within both windows.

## CONCLUSION

Defendant respectfully requests that the Court enter an order altering or amending the Remand Order (Doc. 23) to articulate the specific ground or grounds on which the Motion to Remand was granted, or in the alternative stay the remand pending issuance of the articulated order.

Respectfully submitted this 20th day of May, 2026.

*John Schwager*
_____

John Schwager

Sui Juris, in Pro Per —
Specially Appearing, Not Generally

CERTIFICATE OF SERVICE

I, John Schwager, certify that on May ___ 2026, I caused a true and correct copy of the

foregoing Motion to Alter or Amend the May 8, 2026 Remand Order (Doc. 23) to be

served on the following counsel of record via USPS Certified Mail, Return Receipt

Requested:


James Hammond, Esq. (AZ Bar No. 035612), Primary Attorney Devin Philip Izenberg,
Esq. (AZ Bar No. 035961) Nicholas Bullock, Esq. (AZ Bar No. 032735) Darren Tallman,
Esq. (AZ Bar No.033603) THE MOORE LAW GROUP, APC
PO Box 25145 Santa Ana, California 92799 Tel: (800) 506-2652 Email:
AZAttorneys@collectmoore.com / efilingaz@collectmoore.com Counsel for Plaintiff
Bank of America, N.A.

USPS Certified Mail tracking #: 95890710527036 93790507

USPS Return Receipt tracking #: 9590940284073156249579


I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true
and correct.

Dated: May 20th , 2026.

_John Schwager_
_____

John Schwager, Sui Juris, in Pro Per,
Specially Appearing — Not Generally.

## TABLE OF AUTHORITIES

United States Supreme Court:

- *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) — ¶ 12
- *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976) — ¶ 7
- *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) — ¶¶ 7, 10
- *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007) — ¶¶ 8, 9


United States Court of Appeals — Ninth Circuit:

- *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) — ¶ 3 (cited for procedural context)
- *Allstate Ins. Co. v. Herron*, 634 F.3d 1101 (9th Cir. 2011) — ¶ 11


Statutes:

- 28 U.S.C. § 1331 — ¶ 2
- 28 U.S.C. § 1441 — ¶ 2
- 28 U.S.C. § 1446(b) — ¶ 9
- 28 U.S.C. § 1446(d) — ¶ 9
- 28 U.S.C. § 1447(c) — ¶¶ 7, 9, 13
- 28 U.S.C. § 1447(d) — ¶¶ 7, 9, 13
- 28 U.S.C. § 1746 — Certificate of Service

Federal Rules of Civil Procedure:

- FRCP 59(e) — Caption, ¶¶ 11, 15, 16
- FRCP 60(b)(4) — ¶ at outset of MOTION
- FRAP 4(a)(1) — ¶ at outset of MOTION
- D. Ariz. L.R. Civ. 7.2(g)(2) — Caption, ¶ 16