Family of Schwager Trust                                    Pro Per Sui Juris
19437 North New Traditions Drive
Sun City West Arizona 85375-9998
602-844-0092 - phone  | 602-844-0091 - fax
joncin777@proton.me

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bank of America, N.A.,<br>                    Plaintiff,<br><br>                    vs.<br><br>John Schwager,<br>          Defendant/Counterclaimant. | Case No. CV-25-03203-PHX-SMB<br><br>DEFENDANT'S MOTION TO DIRECT PLAINTIFF TO PROVE STANDING AS REAL PARTY IN INTEREST UNDER FRCP 17(a), TO FILE FRCP 7.1 CORPORATE DISCLOSURE, AND TO PRODUCE PROOF OF AUTHORITY TO ACT (Filed concurrently with Defendant's FRCP 9(e) Motion to Alter or Amend and Defendant's Motion for Recusal under §§ 144 & 455)<br><br>Noting Date: May 20th , 2026 |

DEFENDANT'S MOTION TO DIRECT PLAINTIFF TO PROVE STANDING
AS REAL PARTY IN INTEREST UNDER FRCP 17(a), TO FILE FRCP 7.1
CORPORATE DISCLOSURE, AND TO PRODUCE PROOF OF AUTHORITY
TO ACT (Filed concurrently with Defendant's FRCP 9(e) Motion to Alter or Amend and
Defendant's Motion for Recusal under §§ 144 & 455)

Defendant John Schwager, appearing specially and not generally, Pro Per, Sui Juris,

respectfully moves this Court for an order directing Plaintiff Bank of America, N.A.:

A. To produce and file, within fourteen (14) days, a Corporate Disclosure Statement that

conforms to Federal Rule of Civil Procedure 7.1 and D. Ariz. L.R. Civ. 7.1.1;

B. To produce on the record — under penalty of perjury, with a declaration from a

Plaintiff corporate officer or other custodian with personal knowledge under FRE 602

and FRCP 56(c)(4) — proof that Plaintiff is the real party in interest under FRCP 17(a), including but not limited to:

1. The original (or a true and correct copy authenticated under FRE 902(11) or by a sponsoring witness) of the credit-card agreement, cardholder agreement, or other contract that Plaintiff alleges as the basis of the action;

2. The complete chain of assignment, sale, securitization, or other transfer documentation from origination through the date of the present litigation;

3. Evidence of any servicing arrangement, sub-servicing arrangement, or third-party-collection arrangement that bears on Plaintiff's authority to bring the action; and

4. Identification of any parent, affiliate, subsidiary, or trust with a financial interest in the alleged debt.

C. To strike or treat as withdrawn any of Plaintiff's filings premised on "knowledge and belief," "information and belief," or other non-personal-knowledge assertions, unless and until Plaintiff supplements those filings with a § 1746-compliant declaration from a person competent to testify under FRE 602; and

D. To stay further substantive proceedings — including, but not limited to, any state-court collection action proceeding by virtue of the May 8, 2026 Remand Order (Doc. 23) — pending Plaintiff's full compliance with subparagraphs A–C.

GROUNDS

I. Plaintiff has not established standing as the real party in interest

1.  Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Real-party-in-interest analysis is foundational; without it, no judgment is enforceable.

2.  Article III of the United States Constitution requires concrete, particularized, traceable injury fairly redressable by judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016). The injury-in-fact requirement is "an irreducible constitutional minimum of standing."

3.  In financial-collection cases, an entity invoking federal jurisdiction must affirmatively prove — not assume — that it currently holds the underlying obligation by reason of an enforceable chain from origination. *Sprint Communications Co. v. APCC Servs., Inc.*, 554 U.S. 269, 285–86 (2008) (assignee standing requires "the assignment of a claim for collection only").

4.  As of the date of this Motion, Plaintiff's record consists of:

   a. A complaint filed in the Maricopa County Superior Court on April 14, 2025 (state Dkt 01), pleading breach of contract, open account, and account stated;

   b. No attached cardholder agreement, account agreement, or other contract;

   c. No declaration from a Plaintiff officer with personal knowledge of the alleged debt's origination or chain of transfer;

d. No Corporate Disclosure Statement under FRCP 7.1 (notwithstanding Plaintiff's status as a national banking association);

e. Multiple filings in this Court (including the Motion to Remand at Doc. 16) advanced through documents that, on Defendant's review, are image-only PDFs whose factual assertions appear unsupported by personal-knowledge declarations; and

f. A State Civil Cover Sheet (state Dkt 02) listing Defendant's address as "13027 W Star Ridge Dr, Sun City West, AZ 85375" — an address at which Defendant and his family do not accept personal service of process. Defendant's family-authorized address for service of process is 19437 North New Traditions Road, Sun City West, Arizona [85375-9998]. Every Plaintiff service attempt to the Star Ridge address is service to an unauthorized location and does not constitute proper personal service under FRCP 4 or Ariz. R. Civ. P. 4. The federal record also contains a "Mail Returned" filing at Doc. 15 (filed 2025-09-29; principal numbering "Dkt 15 10-01-2025"), confirming that at least one Plaintiff mailing to Defendant was returned undelivered.

5.   Plaintiff has not, on this record, made the showing of real-party status, Article III standing, or competent evidentiary foundation that the Federal Rules require. Defendant expressly reserves — for the appropriate further vehicle following articulation of the May 8, 2026 Remand Order — the argument that, because Plaintiff's service to the unauthorized Star Ridge address never effected proper personal service, the 28 U.S.C. § 1446(b) 30-day removal clock never started, Defendant's removal (Doc. 1) was timely as a matter of law, and Plaintiff's untimeliness ground for remand fails on its face. S*ee Murphy Bros., Inc. v. Michetti*

*Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (the § 1446(b) clock runs from "formal service of process," not from informal receipt of the complaint).

### II. FRCP 7.1 corporate disclosure is mandatory and overdue

6.  Federal Rule of Civil Procedure 7.1(a)(1) requires every "nongovernmental corporate party" to file a statement identifying "any parent corporation and any publicly held corporation owning 10% or more of its stock." Rule 7.1(b)(1) requires that the statement be filed "with its first appearance, pleading, petition, motion, response, or other request addressed to the court."

7.  Plaintiff has filed multiple motions in this Court since September 3, 2025 — including the Motion to Remand (Doc. 16) and the Motion to Continue (Doc. 17) — without filing the required disclosure. D. Ariz. L.R. Civ. 7.1.1 reinforces the rule by requiring the disclosure within fourteen days of the first pleading.

8.  Until the FRCP 7.1 statement is on file, neither the Court nor Defendant can fully test (a) whether Plaintiff is the real party in interest, (b) whether any affiliated entity has a competing or superior claim to the alleged debt, or (c) whether judicial-recusal screening under 28 U.S.C. § 455(b)(4) is complete.

### III. "Knowledge and belief" pleading does not establish foundation

9.  Federal Rule of Civil Procedure 11(b)(3) requires that factual contentions in a court filing "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Pleading on "knowledge and belief" — as to facts within the pleader's exclusive control — fails this standard. *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274,

1278–80 (3d Cir. 1994); *see also* FRCP 56(c)(4) (declarations must be made on personal knowledge); FRE 602 (witness must have personal knowledge).

10. Plaintiff has, on the record before this Court, asserted factual matter regarding service of process, the existence and terms of the alleged contract, and the amount of the alleged debt — without a declaration from a Plaintiff representative competent to testify under FRE 602. The contemporaneously-filed Notice of Procedural Defect addresses specific instances. *See* Defendant's Notice of Procedural Defect — Knowledge-and-Belief Assertion Without Personal-Knowledge Support, filed May 20th, 2026.

IV. Unconscionability and contract-formation must be tested before enforcement

11. The party seeking enforcement of an alleged contract bears the burden of proving the existence and enforceability of that contract. *See* Restatement (Second) of Contracts §§ 161, 163, 208 (1981). Where the alleged contract is an adhesion instrument prepared by a national banking association, the question of unconscionability is appropriately tested at the formation stage. *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449–50 (D.C. Cir. 1965); *see also* Ariz. Rev. Stat. § 47-2302 (codifying unconscionability standard).

12. Defendant has not been afforded a contract-formation record adequate to evaluate (a) whether an enforceable agreement was ever formed, (b) the terms of that alleged agreement, or (c) whether any of its provisions are unconscionable or otherwise unenforceable as a matter of Arizona law or federal banking law.

## V. The remand to state court does not moot the standing inquiry

13. The May 8, 2026 Remand Order (Doc. 23) is the subject of Defendant's concurrently-filed FRCP 59(e) Motion to Alter or Amend, which seeks articulation of the ground for remand and a stay of operation. Whether or not that motion is granted, Plaintiff's standing-related defects survive — they will recur in any further state-court proceeding and will be raised again there. Defendant respectfully asks this Court to address them now, on the federal record, so that the standing question is preserved and capable of being treated as res judicata in the state court if appropriate.

## VI. Relief tailored to the present posture

14. Defendant is not, by this motion, asking the Court to reach the merits of any substantive defense. Defendant asks only that the procedural and evidentiary preconditions to enforcement be tested: a Corporate Disclosure Statement; a competent declaration; a contract chain; and a stay pending compliance.

15. If Plaintiff cannot or will not produce the required showing, the Court should treat Plaintiff's failure as an admission that the standing prerequisites are absent and dismiss for lack of subject-matter jurisdiction under FRCP 12(h)(3).

## CONCLUSION

Defendant respectfully requests an order granting the relief sought in Paragraphs A–D above.

Respectfully submitted this 20th day of May, 2026.

_John Schwager_

John Schwager

Sui Juris, in Pro Per —
Specially Appearing, Not Generally.

CERTIFICATE OF SERVICE

I, John Schwager, certify that on May 20th , 2026, I caused a true and correct copy of the

foregoing Motion to Direct Plaintiff to Prove Standing as Real Party in Interest, to File

FRCP 7.1 Corporate Disclosure, and to Produce Proof of Authority to Act to be served on

Plaintiff's counsel of record via USPS Certified Mail, Return Receipt Requested:

James Hammond, Esq. (AZ Bar No. 035612), Primary Attorney Devin Philip Izenberg,
Esq. (AZ Bar No. 035961) Nicholas Bullock, Esq. (AZ Bar No. 032735) Darren Tallman,
Esq. (AZ Bar No.033603) THE MOORE LAW GROUP, APC
PO Box 25145 Santa Ana, California 92799 Tel: (800) 506-2652 Email:
AZAttorneys@collectmoore.com / efilingaz@collectmoore.com Counsel for Plaintiff
Bank of America, N.A.

USPS Certified Mail tracking #: 9589071052703693790507

USPS Return Receipt tracking # 9590940284073156249579

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true
and correct.

Dated: May 20th , 2026.

_____ John Schwager _____

John Schwager, Sui Juris, in Pro Per,
Specially Appearing — Not Generally.

## TABLE OF AUTHORITIES

United States Supreme Court:

- *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) — ¶ 2

- *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) — ¶ 5

- *Sprint Communications Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) — ¶ 3

- *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) — ¶ 2

United States Courts of Appeals:

- *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445 (D.C. Cir. 1965) — ¶ 11

- *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274 (3d Cir. 1994) — ¶ 9

Statutes:

- 28 U.S.C. § 455(b)(4) — ¶ 8

- 28 U.S.C. § 1746 — Certificate of Service

- Ariz. Rev. Stat. § 47-2302 — ¶ 11

Restatement:

- Restatement (Second) of Contracts §§ 161, 163, 208 (1981) — ¶ 11

Federal Rules of Civil Procedure:

- FRCP 7.1 — ¶¶ 6, 7, 8

- FRCP 11(b)(3) — ¶ 9

- FRCP 12(h)(3) — ¶ 15

- FRCP 17(a) — ¶¶ 1, 5, 14

- FRCP 56(c)(4) — ¶¶ 9, 10

Federal Rules of Evidence:

- FRE 602 — ¶¶ 9, 10

- FRE 902(11) — Motion ¶ B(1)

Local Rules:

- D. Ariz. L.R. Civ. 7.1.1 — ¶ 7