Family of Schwager Trust                                    Pro Per Sui Juris
19437 North New Traditions Drive
Sun City West Arizona 85375-9998
602-844-0092 - phone  | 602-844-0091 - fax
joncin777@proton.me

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bank of America, N.A., | Case No. CV-25-03203-PHX-SMB |
| Plaintiff, | DEFENDANT'S NOTICE OF PROCEDURAL DEFECT NO. PD-001 — IMAGE-ONLY FILING, KNOWLEDGE-AND-BELIEF ASSERTIONS, AND ABSENT FRCP 7.1 DISCLOSURE IN MOTION TO REMAND (DOC. 16) (Filed concurrently with Defendant's Motion to Direct Plaintiff to Prove Standing — see RPII Motion filed same date) |
| vs. | |
| John Schwager, Defendant/Counterclaimant. | |
| | Noting Date: May 20th, 2026 |

DEFENDANT'S NOTICE OF PROCEDURAL  DEFECT NO. PD-001 —
IMAGE-ONLY FILING, KNOWLEDGE-AND-BELIEF ASSERTIONS, AND
ABSENT FRCP 7.1 DISCLOSURE IN MOTION TO REMAND (DOC. 16)
(Filed concurrently with Defendant's Motion to Direct Plaintiff to Prove Standing
— see RPII Motion filed same date)

Defendant John Schwager, appearing specially and not generally, Pro Per, Sui Juris,

respectfully gives notice of the following procedural defects affecting Plaintiff's Motion

to Remand (Doc. 16, filed October 16, 2025):

Defect A — Image-only filing; D. Ariz. L.R. Civ. 5.5 form concern

1.  Doc. 16 was filed as an image-only PDF without a searchable text layer. Defendant,

proceeding specially and not generally, Pro Per, Sui Juris, has been unable to

programmatically search or copy-quote the document's substantive content for purposes of preparing this and other responsive filings.

2.   D. Ariz. L.R. Civ. 5.5 governs the form of electronic filings. While the rule does not in express terms require OCR'd text layers, the implicit purpose of the electronic-filing framework is to ensure (a) accessibility to all participants, (b) full-text search by the parties and the Court, and (c) reliable archival. Image-only filings frustrate all three.

3.   Defendant respectfully requests that Plaintiff re-file Doc. 16 (and any subsequent filings) as searchable / OCR'd PDF.

Defect B
— Knowledge-and-belief / "approximate" factual
assertions without supporting declaration

4.   Doc. 16 advances factual matter material to the Motion to Remand — including but not limited to the date of service on Defendant, the calculation of the 28 U.S.C. § 1446(b) 30-day removal window, and the absence of any federal-question basis for removal — without a § 1746-compliant declaration from a Plaintiff representative with personal knowledge under FRE 602.

5.   Federal Rule of Civil Procedure 11(b)(3) requires that "factual contentions have evidentiary support." Federal Rule of Civil Procedure 56(c)(4) requires declarations to be "made on personal knowledge." "Knowledge and belief" is insufficient under Rule 11(b) for factual matter within the pleader's exclusive control. *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1278–80 (3d Cir. 1994).

6.   Defendant requests that the Court disregard any factual assertions in Doc. 16 not supported by a competent personal-knowledge declaration, and that the Court direct Plaintiff to supplement Doc. 16 with such a declaration within fourteen (14) days.

## Defect C

### — Absent FRCP 7.1 Corporate Disclosure

7.   As of the date of this Notice, no FRCP 7.1 Corporate Disclosure Statement by Plaintiff appears on the federal docket. Federal Rule of Civil Procedure 7.1 requires every nongovernmental corporate party to file the statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court." D. Ariz. L.R. Civ. 7.1.1 reinforces this by requiring the statement within fourteen days.

8.   Plaintiff is a nongovernmental corporate party — specifically, a national banking association — and has filed multiple motions in this Court (including Docs. 16 and 17) without filing the required disclosure.

9.   Defendant requests that the Court direct Plaintiff to file the FRCP 7.1 statement within seven (7) days, and that no substantive ruling depend upon Plaintiff's filings until the disclosure is on the record.

## Defect D

### — Sequence concern: Plaintiff's post-removal default-judgment activity

10. Defendant notes — without here moving for relief — that the federal record reflects Plaintiff's filing of default-judgment papers in the Maricopa County Superior Court on September 11, 2025, eight days after Defendant's Notice of Removal became effective on September 3, 2025 (Doc. 1). Under 28 U.S.C. § 1446(d), the state court

"shall proceed no further" after removal. Plaintiff's post-removal state-court collection activity is a candor concern that Defendant preserves for the running procedural-defect log and any future disciplinary filing.

## RELIEF REQUESTED

Defendant respectfully requests that this Court:

A.  Direct Plaintiff to re-file Doc. 16 as a searchable / OCR'd PDF within seven (7) days (Defect A);

B.  Direct Plaintiff to supplement Doc. 16 with a § 1746-compliant declaration from a Plaintiff representative with personal knowledge under FRE 602, within fourteen (14) days (Defect B);

C.  Direct Plaintiff to file an FRCP 7.1 Corporate Disclosure Statement within seven (7) days (Defect C);

D.  Take judicial notice of Defect D for the record (and for the running procedural-defect log that Defendant maintains internally); and

E.  Hold in abeyance the operation of the May 8, 2026 Remand Order (Doc. 23) pending Plaintiff's compliance with paragraphs A–C, in conjunction with the relief sought in Defendant's concurrently-filed Motions under Rule 59(e), §§ 144/455, and FRCP 17(a) / 7.1.

Respectfully submitted this 20th  day of May, 2026.

_John Schwager_

John Schwager

Sui Juris, in Pro Per —
Specially Appearing, Not Generally.

CERTIFICATE OF SERVICE

I certify that on May 20th, 2026, I caused a true and correct copy of the foregoing Notice

to be served on Plaintiff's counsel of record via USPS Certified Mail, Return Receipt

Requested:

James Hammond, Esq. (AZ Bar No. 035612), Primary Attorney Devin Philip Izenberg, Esq. (AZ Bar No. 035961) Nicholas Bullock, Esq. (AZ Bar No. 032735) Darren Tallman, Esq. (AZ Bar No.033603) THE MOORE LAW GROUP, APC
PO Box 25145 Santa Ana, California 92799 Tel: (800) 506-2652 Email: AZAttorneys@collectmoore.com / efilingaz@collectmoore.com Counsel for Plaintiff Bank of America, N.A.

USPS Certified Mail tracking #: 9589071052703693790507

USPS Return Receipt tracking # 9590940284073156249579

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: May 20th , 2026.

_John Schwager_____

John Schwager, Sui Juris, in Pro Per,
Specially Appearing — Not Generally.